IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[3] BRIAN DAVID BRIONI-<br>CASTELLANO,<br>Defendant. | CRIMINAL NO. 21-173 (ADC)<br><br><br>RECEIVED AND FILED<br>CLERK'S OFFICE USDC PR<br>2021 DEC 21 PM12:27 |

### PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, [3] Brian David Brioni-Castellano, and Defendant's counsel, Diego H. Alcala-Laboy, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

<u>COUNT ONE</u>
Conspiracy to Commit Fraud in Connection with Access Devices
(18 U.S.C. §§ 1029(a)(2), (b)(2) and (c)(1)(A)(i))

On or about February 5, 2020, in the District of Puerto Rico, and elsewhere, the defendant, [3] BRIAN DAVID BRIONI-CASTELLANO, and others, knowingly and willfully conspired and agreed, together and with each other, to knowingly and with intent to defraud, use unauthorized access devices, to wit a Visa credit card containing card number XXX-XXXX-XXXX-7356 and a Mastercard credit card containing card number

XXX-XXXX-XXX-6427, during a one year period, and by such conduct, obtained things of value aggregating more than $1,000, said use affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(2), (b)(2), and (c)(1)(A)(i).

## 2. Maximum Penalties

<u>Count One</u>: The offense charged in Count One of the Indictment carries a maximum sentence of ten years pursuant to 18 U.S.C. § 1029 (b)(2), and (c)(1)(A)(i); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(3).



## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.



### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that

the Court is not required to accept those recommended Guidelines calculations.

| Sentencing Guidelines Calculation Table<br>Count One<br>Conspiracy to Commit Fraud in Connection with Access Devices<br>18 USC 1029(a)(2), (b)(2),(c)(1)(A)(i) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2B1.1 (a)(2) | | | | | | 6 |
| Specific Offense Characteristics | U.S.S.G. § 2B1.1(b)(3))<br>(The offense involved a theft from the person of another) | | | | | | +2 |
| | U.S.S.G. § 3E1.1(a) Acceptance of responsibility | | | | | | -2 |
| Total Offense Level | | | | | | | 6 |
| Sentencing Ranges for (months) | TOL<br>6 | CHC I<br>0-6 | CHC II<br>1-7 | CHC III<br>2-8 | CHC IV<br>6-12 | CHC V<br>9-15 | CHC VI<br>12-18 |

8. **Sentence Recommendation**



As to Count One, and after due consideration of the nature of the offense, the relevant factors enumerated in 18 U.S.C. § 3553(a), and the counts to be dismissed, the parties agree that the parties will request a sentence of imprisonment of 24 months.

Defendant agrees and stipulates that this variant sentence is reasonable.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 24 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Diego H. Alcala-Laboy, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.



d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing, should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

## 23. Package Plea Provision

Defendant is fully aware that this is a package plea agreement, that is, a Plea Agreement conditioned upon the guilty plea of the co-defendants. Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant. Pursuant to *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants withdraw the guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

W. STEPHEN MULDROW
United States Attorney

Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: 11/7/21

Diego H. Alcala-Laboy, Esq.
Counsel for Defendant
Dated: 12/8/2021

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Dated: 11/7/21

Brian David Brioni-Castellano
Defendant
Dated: 12/8/2021

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 12/8/2021

_____
Brian David Brioni-Castellano
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 12/8/2021

_____
Diego H. Alcala-Laboy
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant [3] BRIAN DAVID BRIONI-CASTELLANO admits that Defendant is guilty as charged in the Indictment and admits the following:

On February 5, 2020, [3] BRIAN DAVID BRIONI-CASTELLANO and others, knowingly and with intent to defraud, conspired and agreed, together and with each other, to use unauthorized access devices, to wit a Visa credit card ending in 7356 and a Mastercard credit card ending in 6427, and by such conduct, to obtain things of value aggregating more than $1,000, said use affecting interstate and foreign commerce.

Specifically, on February 5, 2020, Defendant [3] BRIAN DAVID BRIONI-CASTELLANO and others conspired and agreed to use, and effectively used, C.M.N.'s stolen credit cards to purchase TVs and prepaid cards from a Walmart store located in Arecibo, Puerto Rico. The credit cards were issued by financial institutions engaged in interstate commerce. Moreover, the goods purchased from Walmart had travelled in and affected interstate commerce. The aggregate value of the goods obtained through the unauthorized use of the access devices exceeded $1,000.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant [3] BRIAN DAVID BRIONI-CASTELLANO is guilty as charged in the Indictment.

Discovery was timely made available to Defendant for review.

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Dated: 11/7/21

Diego H. Alcala-Laboy, Esq.
Counsel for Defendant
Dated: 12/1/2021

Brian David Brioni-Castellano
Defendant
Dated: 12/08/2021